IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

| | |
|---|---|
| KENDRA WATHEL<br>6805 Feyhurst Drive<br>Louisville, Kentucky 40258<br><br>v. | PLAINTIFF<br><br>3-16-cv-15-DJH<br><br>Case No. _____<br><br>Judge_____ |

NAVIENT SOLUTIONS, INC.                                                                         DEFENDANTS
2001 Edmund Halley Drive
Reston, Virginia 20191

       SERVE:    Corporation Service Company
                         421 West Main Street
                         Frankfort, Kentucky 40601
                         (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:    CSC-Lawyers Incorporating Service Co.
                         421 W. Main Street
                         Frankfort, Kentucky 40601
                         (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:    The Prentice Hall Corporation System
                       421 W. Main Street
                       Frankfort, Kentucky 40601
                       (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:    CT Corporation System
                       306 W. Main Street, Suite 512
                       Frankfort, Kentucky 40601
                       (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## **VERIFIED COMPLAINT**

Comes the Plaintiff, Kendra Wathel, by counsel, and for her Verified Complaint against the Defendants, Navient Solutions, Inc. ("Navient"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. **PRELIMINARY STATEMENT**

1. This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. and the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), arising out of Navient's false reporting to Equifax, Trans Union and Experian, of alleged delinquent debts, Equifax's, Trans Union's and Experian's failure to correct Navient's false reporting on Plaintiff's Equifax, Trans Union and Experian credit reports, and all of the

Defendants' failure to investigate Plaintiff's disputes of the subject tradelines on Plaintiff's credit reports.

## II. PARTIES

2. Plaintiff, Kendra Wathel, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 6805 Feyhurst Drive, Louisville, Kentucky 40258.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Plaintiff is an "obligor" as that term is defined in the TILA, 15 U.S.C. §1666.

5. Defendant, Navient, is a Delaware corporation and is a student loan lender doing business in the Commonwealth of Kentucky with its principal place of business at 2001 Edmund Halley Drive, Reston, Virginia 20191.

6. Navient is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7. Navient is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

8. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

9. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

11. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal

place of business located at 555 West Adams Street, Chicago, Illinois 60661.

12. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

13. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

14. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

15. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

16. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

17. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the TILA 15 U.S.C. §1640(e); (3) pursuant to 28 U.S.C. §1331; and (4) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

18. From 2012 through 2015, Plaintiff, who is enrolled as a student at _____ studying _____, entered into a number of student loan agreements with Navient, and/or Navient's predecessor, Sallie Mae.

19. From 2012 up to and including the date of filing of this Verified Complaint,

Plaintiff's student loans were in voluntary forbearance, in-school deferment, administrative forbearance, or unemployment deferment.

20. Plaintiff has never been billed for any student loan payments, has never been notified by Sallie Mae and/or Navient of any alleged delinquent student loan payments, and, as such, has never been delinquent on any student loan payments.

21. In July 2015, Plaintiff, while in the process of seeking home mortgage financing, accessed her Equifax, Trans Union and Experian credit reports and discovered derogatory entries furnished by Navient referencing alleged delinquent payments on six (6) of Plaintiff's Navient student loans, specifically Loans 1-02 through 1-07.

22. Trans Union and Experian falsely reported that Plaintiff was allegedly 90 days late on her Navient student loan payments on two (2) occasions in June and July 2012. Equifax falsely reported that Plaintiff was allegedly 90 days late on her Navient student loan payments on eighteen (18) occasions from October 2014 through March 2015.

23. Immediately upon her discovery of the Navient derogatory tradelines, Plaintiff filed disputes with Equifax, Experian and Trans Union.

24. Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Navient of the disputes at or within five (5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiff.

25. In August 2015, Equifax, Trans Union and Experian verified the derogatory Navient tradelines.

26. Despite Plaintiff's lawful request for removal of the disputed items pursuant to the FCRA, Navient, Equifax, Trans Union, and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports. Upon information and belief,

Navient, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following Navient's, Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

27. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged past due account.

## V. CLAIMS

### Negligence – Navient

28. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Navient's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union, and Experian regarding the alleged late payments were negligent under applicable law. In failing to investigate Plaintiff's disputes and in falsely reporting the alleged late payments, Navient breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

30. Navient's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the alleged late payments has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Navient's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the alleged late payments was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

31.   Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.   Equifax's failure to investigate Plaintiff's disputes and its failure to remove Navient's false reports of Plaintiff's alleged late payments from Plaintiff's Equifax credit report, despite Plaintiff's lawful request to Equifax to investigate the disputes and her notices to Equifax of the falsity of the reports, was negligent.  In failing to investigate Plaintiff's disputes and in failing to remove Navient's derogatory tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

33.   Equifax's negligent failure to investigate Plaintiff's disputes and its failure to remove Navient's derogatory tradelines from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

34.   Equifax's failure to investigate Plaintiff's disputes and its failure to remove Navient's derogatory tradelines from Plaintiff's credit report, despite Plaintiff's lawful request to investigate and her notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

35.   Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.   Trans Union's failure to investigate Plaintiff's disputes and its failure to remove Navient's false reports of Plaintiff's alleged late payments from Plaintiff's Trans Union credit

report, despite Plaintiff's lawful request to Trans Union to investigate the disputes and her notices to Trans Union of the falsity of the reports, was negligent. In failing to investigate Plaintiff's disputes and in failing to remove Navient's derogatory tradelines, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

37. Trans Union's negligent failure to investigate Plaintiff's disputes and its failure to remove Navient's derogatory tradelines from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

38. Trans Union's failure to investigate Plaintiff's disputes and its failure to remove Navient's derogatory tradelines from Plaintiff's credit report, despite Plaintiff's lawful request to investigate and her notices to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

39. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Experian's failure to investigate Plaintiff's disputes and its failure to remove Navient's false reports of Plaintiff's alleged late payments from Plaintiff's Experian credit report, despite Plaintiff's lawful request to Experian to investigate the disputes and her notices to Experian of the falsity of the reports, was negligent. In failing to investigate Plaintiff's disputes and in failing to remove Navient's derogatory tradelines, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

41. Experian's negligent failure to investigate Plaintiff's disputes and its failure to remove Navient's derogatory tradelines from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

42. Experian's failure to investigate Plaintiff's disputes and its failure to remove Navient's derogatory tradelines from Plaintiff's credit report, despite Plaintiff's lawful request to investigate and her notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Navient

43. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. Navient, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Trans Union, and Experian credit reports, that Plaintiff has a history of seriously delinquent student loan payments. Navient's statements were false and were made with conscious disregard for the rights of the Plaintiff.

45. Navient's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged late student loan payments amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

46. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 45 as if fully set forth herein.

47. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Navient and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a history of seriously delinquent student loan payments. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

48. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged late student loan payments amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

49. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Navient and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a history of seriously delinquent student loan payments. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

51. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged late student loan payments amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

52. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 51 as if fully set forth herein.

53. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Navient and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a history of seriously delinquent student loan payments. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

54. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged late student loan payments amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Navient

55. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56. Navient's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged late student loan payments are violations of Navient's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

57. Navient's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Navient is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

58. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59. Equifax's failure investigate Plaintiff's disputes and its failure to remove the

disputed Navient tradelines from Plaintiff's credit report despite Plaintiff's request for investigation and Equifax's knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient attempts to remove the disputed items from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

62. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63. Trans Union's failure investigate Plaintiff's disputes and its failure to remove the disputed Navient tradelines from Plaintiff's credit report despite Plaintiff's request for investigation and Trans Union's knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient

attempts to remove the disputed items from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

66. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67. Experian's failure investigate Plaintiff's disputes and its failure to remove the disputed Navient tradelines from Plaintiff's credit report despite Plaintiff's request for investigation and Experian's knowledge of the falsity of the disputed items are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient attempts to remove the disputed items from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

69. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Navient**

70. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 69 as if fully set forth herein.

71. Navient's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged late student loan payments, despite Navient's knowledge of the falsity of its reporting, is a willful violation of Navient's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

72. Given Navient's failure to investigate Plaintiff's disputes and its knowledge of the falsity of its reporting, Navient's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Navient is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

73. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74. Equifax's failure to investigate Plaintiff's disputes and its failure to remove the Navient derogatory tradelines from Plaintiff's Equifax credit report despite Equifax's receipt of Plaintiff's disputes and its knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

75. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

76. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA

as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

77. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78. Trans Union's failure to investigate Plaintiff's disputes and its failure to remove the Navient derogatory tradelines from Plaintiff's Trans Union credit report despite Trans Union's receipt of Plaintiff's disputes and its knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

79. Trans Union's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

80. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

81. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 80 as if fully set forth herein.

82. Experian's failure to investigate Plaintiff's disputes and its failure to remove the

15

Navient derogatory tradelines from Plaintiff's Experian credit report despite Experian's receipt of Plaintiff's disputes and its knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

83. Experian's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

84. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Violation of the Truth in Lending Act – Navient

85. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 84 as if fully set forth herein.

86. Navient's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged late student loan payments is a violation of Navient's duties as a creditor pursuant to the TILA, 15 U.S.C. §1666a.

87. Navient's violations of the TILA entitle Plaintiff to statutory damages, actual damages and attorneys' fees pursuant to 15 U.S.C. §1640.

WHEREFORE, Plaintiff, Kendra Wathel, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and

16

punitive damages;

        3.        For attorneys' fees and costs; and,

        4.        Any and all other relief to which Plaintiff may appear to be entitled.

        Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Kendra Wathel, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Kendra Wathel

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Kendra Wathel this \_\_\_ day of _____, 2015.

_____
Notary Public

Commission expires:_____